**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| Fred P. Elton, | § § | Case No. 25-12539-PMM |
| Debtor. | § § § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(a)**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 707(a) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir.

1

1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

4. On the June 24, 2025 (the "Petition Date"), Fred P. Elton (the "Debtor") commenced his bankruptcy case by filing a voluntary petition (Docket No. 1) (the "Petition") for relief under Chapter 7 of the Bankruptcy Code.

5. The Meeting of Creditors pursuant to Bankruptcy Code section 341(a) (the "Creditors' Meeting") was originally scheduled for July 30, 2025. The Creditors' Meeting was continued to September 3, 2025 so the Debtor could obtain social security identification. The Creditors' Meeting subsequently was continued to October 2, 2025, because the Debtor did not appear on September 3, 2025 for the asserted reason that he could not connect to the Zoom meeting.

6. The Debtor appeared at the Creditors' Meeting on October 2, 2025. Through questioning of the Debtor, the Chapter 7 Trustee learned that prior to the Petition Date, the Debtor sold his home and thereafter transferred $39,000 of sale proceeds generated therefrom to his brother's bank account.

2

7. The Chapter 7 Trustee also learned that the Debtor has a PNC bank account that was not disclosed on his schedules.

8. The Chapter 7 Trustee requested that the Debtor (i) amend his schedules to include the undisclosed PNC Bank Account and (ii) provide an accounting for the disposition of the $39,000 transferred to his brother's bank account.

9. The Chapter 7 Trustee continued the Creditors' Meeting to November 25, 2025.

10. The Debtor has since failed to provide requested information to the Chapter 7 Trustee. The Debtor has also failed to file amendments with the Court.

11. The Debtor also failed to attend the continued Meeting of Creditors on November 25, 2025.

## RELIEF REQUESTED

12. Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case.

13. The Debtor's failure to provide the requested information to the Chapter 7 Trustee and the failure to provide full disclosures, including the undisclosed PNC Bank Account and the $39,000 transfer to his brother, provides sufficient "cause" for dismissal pursuant to the express provision of Bankruptcy Code section 707(a)(3).

14. Furthermore, the enumerated reasons for "cause" listed in Bankruptcy Code section 707(a) are merely illustrative and not exhaustive. *In re Beck*

*Rumbaugh Assocs., Inc.*, 49 B.R. 920, 921 (Bankr. E.D. Pa. 1985). A request for dismissal for cause under Bankruptcy Code section 707(a) takes place under the totality of the circumstances. *Office of the U.S. Tr. v. Weidner (In re Wiedner)*, 344 B.R. 321, 326 (Bankr. M.D. Pa. 2005); *See generally In re Myers*, 334 B.R. 136 (E.D. Pa. 2005) (affirming bad faith dismissal of chapter 7 case by bankruptcy court which employed "totality of the circumstances" analysis).

15. The decision to dismiss a bankruptcy petition for lack of good faith rests within the sound discretion of the bankruptcy court. *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000).

16. Once a debtor's good faith is called into question, the burden shifts to the debtor to prove good faith. *Id.*

17. In evaluating whether to dismiss a Chapter 7 case under Bankruptcy Code section 707(a), courts have considered a variety of factors, including whether: (i) the debtor transferred assets and (ii) the debtor failed to make candid and full disclosure. *In re Glunk*, 342 B.R. 717, 730 (Bankr. E.D. Pa. 2006). Here, the Debtor both transferred assets and failed to disclose such transfers.

18. Moreover, a debtor has a duty to cooperate with the chapter 7 trustee as necessary to enable the trustee to perform the trustee's duties. *In re Iredia*, 556 B.R. 691, 700 (Bankr. E.D. Pa. 2016). Intentional acts to hinder the trustee in the administration of the estate and the investigation in connection with it are evidence of bad faith. *Id.* Here, the Debtor has withheld information from the Chapter 7

4

Trustee, failed to appear at the Creditors' Meeting on multiple occasions, and failed to file revised documents requested by the Chapter 7 Trustee.

19.    The Debtor's multiple failures to attend the Creditors' Meeting, failure to disclose his PNC account, failure to amend his schedules to discloses the transfer of $39,000, and failure to provide the information requested by the Chapter 7 Trustee constitutes cause for dismissal under (i) the expressly enumerated provision of Bankruptcy Code section 707(a)(3) and (ii) the totality of the circumstances test under 707(a). *In re Mamon*, 2024 Bankr. LEXIS 3158, at *1 (Bankr. S.D. Ohio Dec. 12, 2024) (The debtor's failure to attend the section 341 meeting of creditors, failure to fully disclose assets, debts and other information in the bankruptcy schedules and statement of financial affairs, and failure to cooperate with the chapter 7 trustee constituted cause to dismiss the bankruptcy case under section 707(a) for lack of good faith).

[*remainder of page left blank intentionally*]

## **CONCLUSION**

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: December 1, 2025               Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
John.Schanne@usdoj.gov